268 N.J. Super. 213 (1993)
633 A.2d 113
LINDA C. WILSON, PLAINTIFF-APPELLANT,
v.
DOMINIC PARISI AND THE ELIZABETH BOARD OF EDUCATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1993.
Decided November 9, 1993.
*215 Before Judges J.H. COLEMAN and PAUL G. LEVY.
Randi Doner argued the cause for appellant (Balk, Oxfeld, Mandell & Cohen, attorneys; Louis David Balk, of counsel; Ms. Doner, on the brief).
Patrick J. Hermesmann argued the cause for respondent Dominic Parisi (McCreedy and Cox, attorneys; Mr. Hermesmann, on the brief).
David F. Corrigan argued the cause for respondent Elizabeth Board of Education (Murray, Murray & Corrigan, attorneys; *216 Mr. Corrigan, of counsel; Mr. Corrigan and Patricia M. Schmidt, on the brief).
The opinion of the court was delivered by J.H. COLEMAN, P.J.A.D.
In this sexual harassment case, plaintiff appeals from a summary judgment dismissing the first three counts of her four-count complaint.
Plaintiff filed her complaint on September 18, 1991. Count One alleges sexual harassment as well as an assault and battery. Plaintiff contends that Parisi attempted to kiss her and that he fondled her and kissed her on diverse dates. She alleges that she suffered emotional distress as the result of the sexual harassment as well as the assaults and batteries.
Count Two alleges the Elizabeth Board of Education (Board) is vicariously liable for the conduct of Parisi alleged in Count One under principles of agency. Count Three alleges the Board is vicariously liable for Parisi's conduct because the Board condoned his actions by failing to take corrective measures in a timely fashion. Count Four alleges sexual harassment by Parisi and the Board in violation of The Law Against Discrimination, N.J.S.A. 10:5-1 et seq., (LAD). Plaintiff sought compensatory and punitive damages under each count.
Plaintiff alleges in her certification in opposition to the motions for summary judgment and in her answers to interrogatories that she was a teacher at the Elizabeth High School where defendant Parisi was the executive principal. She alleges Parisi engaged in a course of conduct which amounted to sexual harassment while attempting to persuade her to engage in a sexual relationship with him after she informed him that she had no such interest. She further alleges Parisi attempted to kiss her, kissed her, fondled her, and attempted to pull her into a Hilton Hotel elevator in an endeavor to take her to a hotel room to have sex. The judge found as a fact, based on the allegations made by plaintiff, "a jury *217 could not conclude that Parisi intended to cause the plaintiff emotional harm or that he acted with reckless deliberate disregard of a high probability that emotional harm would result."
R. 4:46-2 directs that summary judgment should not be granted where there is a "genuine issue as to any material fact challenged...." The role of the judge in a motion for summary judgment is "to determine whether there is a genuine issue as to a material fact, but not to decide the issue if he finds it to exist." Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73, 110 A.2d 24 (1954). Plaintiff's papers in opposition to the motions should have been "indulgently treated." Id. at 75, 110 A.2d 24. Examined in that light, summary judgment should have been denied.
Here, the judge failed to treat indulgently plaintiff's assertions respecting Parisi's deliberate conduct. Those allegations provided a sufficient basis for a jury to find the existence of any intent on the part of Parisi which may be necessary under either count of the complaint. More importantly, resolution of Parisi's state of mind can only be determined from the totality of the circumstances surrounding Parisi's conduct. Beyond that, a question of intent, or proximate cause, is ordinarily left to the jury's determination with proper instructions. Ruvolo v. American Casualty Co., 39 N.J. 490, 500, 189 A.2d 204 (1963); Judson, supra, 17 N.J. at 76, 110 A.2d 24; Morton Int'l, Inc. v. General Accid. Ins. Co. of Am., 266 N.J. Super. 300, 323, 629 A.2d 895 (App.Div. 1991), affirmed, 134 N.J. 1, 629 A.2d 831 (1993); Strumph v. Schering Corp., 256 N.J. Super. 309, 319-20, 606 A.2d 1140 (App. Div. 1992); Shanley & Fisher, P.C. v. Sisselman, 215 N.J. Super. 200, 212, 521 A.2d 872 (App.Div. 1987).
There is an additional reason why summary judgment was inappropriate. The sexual harassment cause of action pleaded in Count One and the claims made pursuant to the LAD are *218 identical, except perhaps for punitive damage claims.[1] Since pleadings are to be viewed liberally, Lieberman v. Port Auth., 132 N.J. 76, 79, 622 A.2d 1295 (1993), all of the counts should be viewed as alleging sexual harassment by a supervisor. In addition, Count One alleges common law batteries which also form part of the basis for the sexual harassment claim. Under Lehmann v. Toys `R' Us, Inc., 132 N.J. 587, 617-19, 626 A.2d 445 (1993), a LAD claim against a supervisor and a vicarious liability claim against the employer in a hostile work environment involving sexual harassment are so intimately intertwined with the claims of negligence and infliction of emotional distress that they cannot be separated. The same nucleus of operative facts will be utilized to prove all of the claims, including vicarious liability based on agency principles. Thus, the issue whether the Board was negligent is highly significant on the issue of vicarious liability. Id. at 619-24, 626 A.2d 445.
Furthermore, we are satisfied no legal basis exists requiring dismissal of the claim for intentionally inflicting emotional distress. Typically, in a sexual harassment case, especially where the supervisor is the harasser, the victim becomes aware, through his or her sensory perception, of the shocking events "that do not occur in the daily lives of most people." Frame v. Kothari, 115 N.J. 638, 644, 560 A.2d 675 (1989). Sexual harassment which meets the Lehmann standard "strikes at the [victim's] basic emotional security." Portee v. Jaffee, 84 N.J. 88, 99, 417 A.2d 521 (1980). Plaintiff has alleged conduct involving physical contact as well as conduct without physical contact. Where the sexual harassment meets the Lehmann test, we perceive no reason to require physical injury before permitting a victim to seek damages for intentionally inflicting emotional distress. Again, we emphasize that such a claim is intertwined with the LAD claims.
Even though the LAD claims under Count Four were not dismissed, the dismissal of Counts One, Two and Three will *219 unduly restrict plaintiff in her proofs respecting vicarious liability and damages. Any time a supervisor persists in sexually harassing a subordinate, as defined in Lehmann, supra, 132 N.J. at 600-15, 626 A.2d 445, it is foreseeable that the victim will suffer emotional distress. Consequently, a direct claim for emotional distress, see generally, Carey v. Lovett, 132 N.J. 44, 55-57, 622 A.2d 1279 (1993), is cognizable under the LAD claims alleged under Count Four. Lehmann, supra, 132 N.J. at 608-10, 626 A.2d 445. Under that count, plaintiff is not required to prove that she suffered serious psychological harm because it is the "harasser's conduct, not the plaintiff's injury, that must be severe or pervasive." Lehmann, supra, 132 N.J. at 610, 626 A.2d 445. Additionally, plaintiff may collect punitive damages from the Board under her LAD claims if she establishes "actual participation by [the Board] or willful indifference." Lehmann, supra, 132 N.J. at 625, 626 A.2d 445. Similarly, plaintiff is entitled to seek punitive damages from Parisi under Count Four because her LAD claims require proof that the harassing conduct was "severe or pervasive," Lehmann, supra, 132 N.J. at 606-607, 626 A.2d 445, which may be especially egregious under Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49-51, 477 A.2d 1224 (1984), and Leimgruber v. Claridge Assoc. Ltd., 73 N.J. 450, 454, 375 A.2d 652 (1977), to satisfy the Lehmann "higher level of culpability than mere negligence." Lehmann, supra, 132 N.J. at 624, 626, 626 A.2d 445.
There is still another reason why summary judgment under Count One was inappropriate. As noted earlier, plaintiff has alleged multiple batteries under that count based on Parisi allegedly kissing, grabbing and fondling her against her will. Whether or not she meets her burden of proof to establish her sexual harassment claim under the LAD according to the Lehmann standard, she should still be permitted to pursue her assault and battery claims under Count One. That is precisely what occurred in T.L. v. Toys `R' Us, Inc., 255 N.J. Super. 616, 619, 605 A.2d 1125 (App.Div. 1992), and certification was denied on non LAD claims, *220 130 N.J. 19, 611 A.2d 657 (1992). The assault and battery claims involve physical contact which legally entitles plaintiff to collect emotional distress damages if they can be established. Carey v. Lovett, supra, 132 N.J. at 56-57, 622 A.2d 1279; Eyrich for Eyrich v. Dam, 193 N.J. Super. 244, 252, 473 A.2d 539 (App.Div.), certif. denied, 97 N.J. 583, 483 A.2d 127 (1984); Greenberg v. Stanley, 51 N.J. Super. 90, 105-06, 143 A.2d 588 (App.Div. 1958), modified on other grounds, 30 N.J. 485, 153 A.2d 833 (1959). The trial judge can use special interrogatories in the trial of the case to distinguish emotional distress damages for the batteries from emotional distress damages related to the LAD claims, if indeed they can be separated.
Summary judgment dismissing Counts One, Two and Three is reversed.
NOTES
[1] Based on our subsequent discussions, this distinction may no longer be valid.